# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| AMERANTH, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-271-TJW-CE |
| | § | |
| MENUSOFT SYSTEMS CORPORATION | § | |
| AND CASH REGISTER SALES & | § | |
| SERVICE OF HOUSTON, INC. | § | |

## ORDER

The above-titled and numbered civil action was referred to United States Magistrate Judge Chad Everingham pursuant to 28 U.S.C. § 636. The report of the Magistrate Judge (Dkt. No. 132), which contains his recommendation that the court deny the defendants Menusoft Systems Corporation's ("Menusoft") and Cash Register Sales & Service of Houston, Inc.'s ("CRS") motions for summary judgment of noninfringement (Dkt. No. 51) and invalidity (Dkt. No. 113), has been presented for consideration.

On June 17, 2010, Menusoft and CRS objected to Judge Everingham's report and recommendation (Dkt. Nos. 137, 138). The defendants contend that their accused products do not infringe the "first menu" limitation of the asserted claims. Menusoft and CRS also argue that the asserted claims are invalid because the inventors concealed his best mode for practicing the invention.

Menusoft and CRS first argue that their accused products do not contain a "first menu." In their motion for summary judgment, the defendants asserted that the Digital Dining maintenance windows are not a "first menu," because they contain items other than menu categories and menu items. (*See* Dkt. No. 51, at 23, 21 (arguing that the PWM and WWM are not first menus that include only menu categories that include only menu items)). After the defendants' filed their motion, the

court construed "menus" to mean "computer data representing collections of linked levels of choices or options intended for display in a graphical user interface." (Dkt. No. 106, at 12). Thus, contrary to Menusoft's and CRS's argument, menus (including first menus) are data, not graphical displays. As such, Judge Everingham correctly recommended denying the defendants' motion for summary judgment of noninfringement.

In their objection to the report and recommendation, Menusoft and CRS now contend that the accused products include no first menu that is displayable in a single window of a GUI. This "displayable" argument is separate and distinct from the "first menu" argument presented in the motion for summary judgment. As such, the court is not persuaded to grant summary judgment based upon a new argument presented in Menusoft's and CRS's objections. *Cf. Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F. 3d 436, 442 (5th Cir. 2007) ("Generally speaking, we will not consider an issue raised for the first time in a Motion for Reconsideration.").

The defendants next contend that they are entitled to summary judgment of invalidity because the inventor allegedly concealed that the Symbol 2700 handheld device is the best mode for practicing his invention. Compliance with the best mode requirement requires a two-pronged inquiry: (1) did the inventor subjectively consider a particular mode to be superior at the time of filing, and if so, (2) did the inventor adequately disclose that superior mode. *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1330 (Fed. Cir. 2002). In their objections to the report and recommendation, Menusoft and CRS argue that the inventor admitted that he subjectively preferred the Symbol 2700 and that Ameranth may not rely on a contrary declaration to defeat summary judgment. The inventor's declaration reveals that the Symbol 2700 was not functional as of the patents' filing date and that his preference for Symbol was based upon business considerations. The

court concludes that this declaration does not contradict the inventor's deposition testimony, but instead raises genuine issues of material fact regarding the inventor's subjective belief.

The court is of the opinion that the conclusions of the Magistrate Judge are correct. Therefore, the court adopts, in its entirety, the report of the United States Magistrate Judge as the conclusions of this court. Accordingly, Menusoft's and CRS's motions for summary judgment of noninfringement and invalidity are DENIED.

SIGNED this 17th day of August, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE