**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| AMERANTH, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-271-TJW-CE |
| | § | |
| MENUSOFT SYSTEMS CORPORATION | § | |
| AND CASH REGISTER SALES & | § | |
| SERVICE OF HOUSTON, INC. | § | |

**ORDER**

Pending before the court are the defendants Menusoft Systems Corporation's ("Menusoft") and Cash Register Sales & Service of Houston, Inc.'s ("CRS") motion to strike (Dkt. No. 144) and the plaintiff Ameranth, Inc.'s ("Ameranth") motion for leave to amend (Dkt. No. 150). Menusoft and CRS seek to strike newly asserted claims in the Ameranth's amended infringement contentions, and Ameranth seeks leave to add new asserted claims. For the reasons stated below, the defendants' motion to strike is GRANTED, and the plaintiff's motion for leave is DENIED.

The court issued its *Markman* order on April 21, 2010. Without seeking leave of court, on June 4, 2010, Ameranth served its amended infringement contentions, which added four additional asserted claims: Claims 5, 7, and 8 of U.S. Patent No. 6,384,850 ("the '850 patent") and claim 4 of U.S. Patent No. 6,871,325 ("the '325 patent"). After Menusoft and CRS filed the motion to strike under consideration, Ameranth filed a response brief that requests leave to assert the four new claims.

Local Rule P.R. 3-6 governs the amendment of infringement contentions:

If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Amended Infringement Contentions" without leave of court that amend its "Infringement Contentions" with respect to the information required by Patent R. 3-1(c) and (d).

P.R. 3-6(a)(1). However, if the plaintiff wishes to add newly asserted patent claims, which are not covered by P.R. 3-1(c) or (d), the plaintiff must seek leave of court. P.R. 3-6(b). The court shall grant leave "only upon a showing of good cause." P.R. 3-6(b). "A party is permitted to amend its contentions in response to an *unexpected* claim construction, not simply a construction with which the party disagrees." Order at 5, *Bruce N. Saffran v. Boston Sci. Corp.*, No. 2:05-cv-547 (E.D. Tex. Jan. 28, 2008), ECF No. 143 (citing *Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007)) (emphasis in original).

Ameranth argues that its need to assert four new claims arose from the court's claim construction order, which required Web capability for each of the asserted independent claims. According to Ameranth, the good cause requirement for amendment has been met because it reasonably believed that these independent claims did not require Web capability. The court fails to see how Ameranth could be caught off guard by the claim construction order. Since at least September 18, 2009, the defendants have asserted that the independent claims require Web capability. (*See* Dkt. No. 67). Thus, Ameranth cannot argue in good faith that the court's construction was unexpected in these circumstances. *See* Order at 6, *Saffran*, No. 2:05-cv-547, ECF No. 143. Under Ameranth's view of the "good cause" threshold, any plaintiff could assert new claims under P.R. 3-6 if the court adopts one of the defendant's proposed claim constructions.

Ameranth has not shown good cause for asserting new claims in its amended infringement contentions. Thus, Menusoft's and CRS's motion to strike is GRANTED, and Ameranth's motion for leave is DENIED.

SIGNED this 23rd day of August, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE