UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AMERANTH, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-271 |
| | § | |
| MENUSOFT SYSTEMS CORP., ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Ameranth, Inc.'s ("Ameranth" or "Plaintiff") motion for new trial (Dkt. No. 283). Ameranth argues that it is entitled to a new trial because the jury was tainted when it improperly considered the Defendants' invalidity expert's report as substantive evidence. Having carefully considered the parties' arguments, the court DENIES Ameranth's motion for new trial.

### I. FACTUAL BACKGROUND

This case was tried to a jury over five days in September 2010. The parties filed lists of proposed witnesses and exhibits with the pretrial order. Ameranth included Dr. Acampora's expert report on invalidity on its list as Ameranth's trial exhibits 28 and 29. Defendants did not object to the expert report's admission. Ameranth did not identify or request an instruction that the report be used for "impeachment only," nor did it indicate that it intended or requested some limited scope of the report's entry into evidence. Indeed, despite filing several motions in limine on various issues, Ameranth never suggested that the report's use should be limited to impeachment.

Five days before trial, the court held a hearing on preadmission of exhibits. Ameranth did not suggest that the it listed the report for impeachment only. And two days later, on September 10, 2010, Ameranth filed its notice of trial exhibits subject to preadmission.

Ameranth attached an order summarizing the court's rulings from two days before and identifying the report as an exhibit "admitted without objection." Ameranth did not limit and did not request any limit on the scope of the report's use.

The report was referred to by both Ameranth and defendant Menusoft System's Corp. at trial. During Dr. Acampora's testimony, the report was referred to on numerous occasions, and Ameranth never objected to any such reference. In closing, Menusoft's counsel noted that Ameranth criticized Dr. Acampora on cross-examination for the testimony he did not give. Then, Menusoft's counsel noted that Ameranth had asked the court to admit the report into evidence and stated that "the reason we didn't plod through that 300-page report is obvious. They had put it into evidence, and all of that stuff is in there." Ameranth's counsel never objected to Menusoft's counsel's reference to the report during his closing arguments.

Ameranth raised the report more directly in closing. Ameranth's counsel stated that Menusoft "didn't talk about Dr. Acampora's report" in its closing. Ameranth's counsel then stated "[i]f Dr. Acampora really believed his report showed what he said, the Defendants would have shown you. They did not." After suggesting that the jury review the report by claiming it would be inconsistent with Dr. Acampora's testimony, Ameranth's counsel told the jurors that if they looked at the report, they should "compare it to the Court's claim constructions."

While deliberating, the jury sent a note to the court requesting that certain exhibits be sent back to the jury room. The note requested, among other things, Dr. Acampora's expert report by its exhibit number and the report of Dr. Shamos, Ameranth's expert. Ameranth's counsel reminded the court that Dr. Shamos's report was not in evidence, and the court decided not to send it to the jury room. The court then advised counsel that its response to the jury would be "I have sent you the exhibits you requested, but Dr. Shamos's invalidity report was not admitted

into evidence, and I have therefore not sent a copy into the jury room." The Court then asked: "Any objection to that response as modified?" Ameranth's counsel responded: "No, Your Honor." Ameranth did not request any limitation on the report's use, a limiting instruction to the jury, any redaction be made to the report, or that the report not be sent back to the jury at all. Then, for the first time, the jury had an opportunity to review the entire report. The jury returned a verdict on Monday, September 20, 2010 finding, among other things, that the asserted claims were invalid both as anticipated by prior art and for obviousness.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(a), the court "may, on motion, grant a new trial on all or some of the issues–and to any party . . . after a jury trial for any reason for which a new trial has heretofore been granted in an action at law in federal court . . ." FED. R. CIV. P. 59(a). The regional circuit law applies to motions for new trials. *See Riverwood Intern. Court v. R.A. Jones & Co., Inc.,* 324 F.3d 1346, 1352 (Fed. Cir. 2003). In the Fifth Circuit, "[t]he decision to grant or deny a motion for a new trial is within the discretion of the trial court and will not be disturbed absent an abuse of discretion or a misapprehension of the law." *Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 173 (5th Cir. 1999). But the burden a movant must meet is high. *Dresser-Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 838 (5th Cir. 2004). "A motion for a new trial should not be granted unless the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence." *Id.* (citations omitted).

## III. APPLICATION

Ameranth concedes that it identified the report as "admitted without objection" and that it did not request any limit on the scope of the report's use at trial. Furthermore, Ameranth

3

concedes that it never objected to the numerous references made to the report during the trial. Despite these facts, Ameranth argues that it did not offer the report as substantive evidence, but rather as impeachment evidence. Ameranth, therefore, contends that the jury's reliance on the report as substantive evidence in lieu of actual testimony at trial on the issue of validity confused the jury and irreparably tainted the jury's invalidity and infringement verdicts. Ameranth also contends that the court must grant a new trial because Dr. Acampora's report: (1) contained arguments contrary to the court's claim construction; (2) prejudiced Ameranth by presenting arguments on best mode – arguments which were not made at trial; and (3) referred to items, which were precluded by the court's orders in limine, as "additional support" for invalidity.[1]

A party who stipulates to the admissibility of an evidentiary exhibit at trial waives any opportunity to object to its admission later. *United States v. Mezzanatto*, 513 U.S. 196, 202 (1995). "Absent some overriding procedural consideration that prevents enforcement of the contract, courts have held that agreements to waive evidentiary rules are generally enforceable even over a party's subsequent objections." *Id.* (citations omitted). Thus, "although hearsay is inadmissible except under certain specific exceptions, [the Supreme Court has] held that agreements to waive hearsay objections are enforceable." *Id.* In *Mezzanato*, for example, the defendant had agreed to allow admission and use of statements made during plea discussions. *Mezzanatto*, 513 U.S. at 198. When the statements were later used at trial, defense counsel objected, but the court allowed the evidence to be used. *Id.* at 199. The Supreme Court agreed that the statements were properly admitted and could be used because "evidentiary stipulations are a valuable and integral part of everyday trial practice." *Id.* at 203. The Court explained that:

---

[1] The court notes that Ameranth also argues that Dr. Acampora's report did not provide substantial evidence of invalidity and is insufficient as a matter of law to support the jury's verdict. Ameranth makes the same argument in its motions for judgment as a matter law ("JMOL") of no anticipation and nonobviousness. This argument is rejected in the court's order denying Ameranth's motions for JMOL, which is issued concurrently herewith.

> Prior to trial, parties often agree in writing to the admission of otherwise objectionable evidence, either in exchange for stipulations from opposing counsel or for other strategic purposes. Both the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure appear to contemplate that the parties will enter into evidentiary agreements during a pretrial conference. During the course of trial, parties frequently decide to waive evidentiary objections, and such tactics are routinely honored by trial judges.

*Id.* (citations omitted). Thus, it is not error for a court to take a party's willingness to stipulate to entry of an otherwise objectionable exhibit at face value. *See id.*

Here, Ameranth included the report on its exhibit list, and Menusoft stipulated to its admissibility. Ameranth then included the report on the final exhibit list as one of the unopposed, pre-admitted trial exhibits. As a result, the court concludes that the report was useable as substantive evidence in the absence of any pretrial ruling providing otherwise. *Cf. Garcia v. Sec'y of Labor*, 10 F.3d 276, 281 (5th Cir. 1993) (reviewing objection regarding weight given to stipulated exhibits when "[s]everal documents were admitted by stipulation, but [the plaintiff] reserved the right to make objections as to weight or purpose"). Even despite Ameranth's claimed intention that the report be used solely as impeachment evidence,[2] once the parties stipulated to the report's admission and Ameranth failed to request such restriction, the report had the same value as any other exhibit entered into evidence – i.e., it could be used as both substantive and impeachment evidence. *United States v. Gresham*, 585 F.2d 103, 106 (5th Cir. 1978) ("hearsay evidence that is admitted without objection 'is to be considered and given its natural probative effect as if it were in law admissible'") (quoting *Daniel v. United States*, 234 F.2d 102, 107 (5th Cir. 1956)).[3]

---

[2] The court notes that Ameranth's trial conduct belies this proposition. Ameranth never requested that it wanted Dr. Acampora's report to be used for any such limited purpose. Further, Ameranth's own references to the report at trial did not restrict its use to impeachment only.

[3] The court notes that Ameranth cites several cases for the proposition that a party may not use evidence substantively when that party asked for the evidence to be used for impeachment purposes only. These cases, however, are irrelevant because Ameranth made no such request.

Ameranth now argues that it is entitled to disavow its stipulation because the court's local rules direct that a single exhibit list must be submitted to the court with the pretrial order. Ameranth, however, fails to note that the rules do not prohibit a party from differentiating between impeachment-only and substantive exhibits that are on that exhibit list. Indeed, the form exhibit list that Ameranth used provides a section entitled "Description," in which Ameranth could have noted that certain documents were "impeachment-only" exhibits. Furthermore, even if the rule did prohibit Ameranth from characterizing the report as impeachment-only, Ameranth had numerous subsequent opportunities to ask the court to restrict the report's use or provide a limiting instruction to the jury. Yet, Ameranth chose not to do so.

As such, the court concludes that Ameranth waived any right to object to the court admitting Dr. Acampora's report. *See United States v. Aptt*, 354 F.3d 1269, 1280 (10th Cir. 2004) ("[A]dmission of a stipulated exhibit is not error at all, even if it would not be admissible in the absence of such a stipulation. A defendant is free to waive objections to evidence by stipulation…."). Moreover, Ameranth waived any right to object to the contents of the report by asking the court to admit it without any restrictions and then failing to move for any limitations on the use of the report at trial.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Ameranth's motion for new trial.

SIGNED this 26th day of May, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE