# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| AMERANTH, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-271 |
| | § | |
| MENUSOFT SYSTEMS CORP., ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' motion for a finding that the patents-in-suit are unenforceable due to inequitable conduct (Dkt. No. 279). Having carefully considered the evidence, and the parties' arguments, the court concludes that Defendants have failed to prove by clear and convincing evidence that the patents-in-suit are unenforceable due to inequitable conduct. Accordingly, the court DENIES Defendants' motion.

## I. BACKGROUND

This case was tried to a jury over five days in September 2010. The jury returned a verdict on Monday, September 20, 2010 finding, among other things, that the asserted claims were invalid both as anticipated by the prior art and for obviousness (Dkt. No. 263). Subsequent thereto, Defendants filed the instant motion, requesting that the court find the patents-in-suit unenforceable due to inequitable conduct. Defendants argue that clear and convincing evidence establishes that Keith McNally – the first named inventor of the patents-in-suit – committed fraud on the Patent Office ("PTO") by withholding material prior art with an intent to deceive.

## II. LEGAL STANDARD

To prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO. *Therasense, Inc. v. Becton*, No. 2008-1511, at 18 (Fed. Cir. May 25, 2011); *see also* 37

1

C.F.R. § 1.56(a) ("Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section."). The accused infringer must prove both elements—intent and materiality—by clear and convincing evidence. *Id.* at 18. The Federal Circuit has recently "tightened" the standard for finding both intent and materiality. *Id.* at 24.

The materiality required to establish inequitable conduct is "but-for materiality." *Id.* at 27. "When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Id.* In determining whether the PTO would have allowed the claim if it had been aware of the undisclosed reference, the court must apply the preponderance of the evidence standard and give claims their broadest reasonable construction. *Id.*

With regard to the intent element, the accused infringer must prove that the patentee acted with the specific intent to deceive the PTO. *Id.* at 24. "A finding that the misrepresentation or omission amounts to gross negligence or negligence under a 'should have known' standard does not satisfy this intent requirement." *Id.* (quoting *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 876 (Fed. Cir. 1988)). In a case involving nondisclosure of information, clear and convincing evidence must show that the applicant "knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Id*. Further, the Federal Circuit has made clear that, although courts may infer intent from indirect and circumstantial evidence, courts may not infer intent solely from materiality:

> Intent and materiality are separate requirements…. A district court should not use a "sliding scale," where a weak showing of intent may be found sufficient based on a strong showing of materiality, and vice versa…. Instead, a court must weigh the evidence of intent to deceive independent of its analysis of materiality.

2

*Id.* at 25. In all, "to meet the clear and convincing evidence standard, the specific intent to deceive must be 'the single most reasonable inference able to be drawn from the evidence.'" *Id.* (quoting *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365 (Fed. Cir. 2008)). "Indeed, the evidence 'must be sufficient to *require* a finding of deceitful intent in the light of all the circumstances.'" *Id.* (quoting *Kingsdown*, 863 F.2d at 873).

### III. APPLICATION

Defendants allege that, among other things, Mr. McNally intentionally withheld material information describing: (1) Micros point-of-sale (POS) systems; and (2) McNally's and Ameranth's pre-critical date public use and commercial offers for sale of Ameranth's 21st Century Restaurant System and its TransPad handheld device (collectively, "Withheld References"). With regard to the materiality of the Withheld References, the Federal Circuit has explained that "if a claim is properly invalidated in district court based on …[a]… deliberately withheld reference, then that reference is necessarily material…." *See Therasense*, No. 2008-1511, at 27. Thus, considering that the jury found the claims to be invalid both as anticipated by the prior art and for obviousness, the court concludes that the Withheld References meet the but-for materiality standard.[1]

Despite the materiality of the Withheld References, Defendants have failed to prove by clear and convincing evidence that Mr. McNally withheld the references with a specific intent to deceive the PTO. Mr. McNally consistently testified in deposition and at trial that he believed there was nothing like his invention prior to September 1998 and that he also believed that no

---

[1] The court notes that, in denying Plaintiff's motions for judgment as a matter of law of nonobviousness and no anticipation, the court has rejected Plaintiff's contention that the jury did not have legally sufficient evidence on which to base its invalidity verdicts.

one had even recognized the problem that his invention was designed to solve. At trial, for example, Mr. McNally testified that he:

> *was the first to recognize the problem.* Up until this point, the -- the marketplace, including myself, *had mistakenly been focused on the hardware devices*: The IntraPad, the TransPad, various other devices. And *I was the first to recognize the -- the -- that I was looking at the problem the wrong way, not even the right problem that we had all been working for. And I recognized the problem and had much of the solution in mind*, but it took the teamwork of Mr. Roof and Mr. Bergfeld, the other co-inventors, for us to pull the entire inventive solution together in September.

Trial Tr. 9/13/10 PM at 55:20-56:9, attached as Ex. 1A, Dkt. No. 296 (emphasis added).

Furthermore, Mr. McNally testified as follows during deposition:

> Q. And so you would make an independent decision on what was material, rather than letting your lawyer do it?
> ….
> A. Yes, I – I made my independent decision, yes, sir.
> ….
> Q. And so there were things that you didn't tell your attorney about that -- because you didn't feel that they characterized the practice of any claim?
>
> A. Absolutely there was nothing even close to our inventive concept, as was validated by everyone in the marketplace, I.B.M., Microsoft all of the POS players, et cetera. So it wasn't anything close to our invention.

McNally Dep. Tr. 3/18/2009 at 241:2-15, attached as Ex. 1C, Dkt. No. 296. Mr. McNally was at no time inconsistent regarding the sincerity of his belief that there was no material prior art – i.e., that he had uncovered a breakthrough invention. *See, e.g., id.* at 215:11-18; Trial Tr. 9/13/10 PM at 57:7-58:12, attached as Ex. 1A, Dkt. No. 296; McNally Dep. Tr. 4/21/2010 at 24:1-24, attached as Ex. 1E, Dkt. No. 296; McNally Decl. ¶ 4, attached as Ex. 1, Dkt. No. 296. Considering Mr. McNally's testimony in light of the evidence as a whole, the court concludes that specific intent to deceive is not the single most reasonable inference that must be drawn from the evidence. *See Therasense*, No. 2008-1511, at 18.

4

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion for a finding of inequitable conduct.

SIGNED this 26th day of May, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE